IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM T. LYTRAN,

          Plaintiff,

v.                                      Case No. 05-4124-JAR

DEPARTMENT OF TREASURY,
 et al.,

          Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court upon numerous motions filed by the Plaintiff.[1] Specifically, Plaintiff seeks to add Wharton Business School as defendant (Doc. 2); to add the New York Stock Exchange as defendant (Doc. 3); to order "Federal Marshal to Seize all Personal Property of Mark A. Reinert, CFP, to Put Up for Sales" (Doc. 4); to "close University of Pennsylvania" (Doc. 5); to "Sentence Martin Zweig" (Doc. 8); to "Order for the FBI to investigate foreign nationals" (Doc. 9); to "Order...the FBI to investigate the Elliot School of Government and Business A[d]ministration at the George Washington University" (Doc. 10); to "Order ...County Judge to Sentence Mexicans in Federal Penitentiary to No Less Than Five Years" (Doc. 11); "to Terminate the Employment of Dr. Rod at Veteran Administration in Topeka, Kansas" (Doc. 12); to "Sentence Maurice D. Copp in Federal Penitentiary Indefinitely" (Docs. 13, 14); and moves for a "Three Judge Ruling" (Doc. 15).

---

[1](Docs. 2-5 and 8-15).

## I. Relevant Factual Background

Plaintiff filed his complaint in the United States District Court for the District of Kansas on October 18, 2005. Plaintiff named The Department of Treasury and Department of Veterans Affairs as Defendants in this action. A summons was issued as to these two defendants, with the United States Department of Veterans Affairs's Answer Due on December 30, 2005 and the United States Department of Treasury's Answer due on January 2, 2006.[2]

Plaintiff filed his thirteen motion between November 15, 2005 and December 22, 2005. Defendants have not filed any response to plaintiff's motions and their time to do so has expired as to ten of the Plaintiff's motions.[3] As to Plaintiff's three most recent motions, the time for responses has not yet expired; however, the court, upon reviewing Plaintiff's motions, finds that responses are not necessary under the circumstances and considers these matters to be fully-submitted and ripe for decision.

## II. Initial Matters

With respect to the Plaintiff's motions, to which no responses have been filed, the court ordinarily treats such motions as uncontested and grants them without any further

---

[2] *See* "Summons Return Executed" as to Secretary of Treasury and Secretary of Veteran's Affairs, respectively (Docs. 6 and 7).

[3] *See* D. Kan. Rule 6.1(d)(1).

notice;[4] however, the court also evaluates the relief requested by any motion and may still deny the motion where the relief requested is inappropriate.[5] As Plaintiff is currently proceeding *pro se*, the court is mindful that his motions should be liberally construed and held to a less stringent standard.[6] This means that the court is required to look beyond a failure to cite proper legal authority, confusion of legal theories, and the quality of the written work itself. Nonetheless, despite granting liberal construction, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[7] and *pro se* litigants are not excused from compliance with fundamental rules of procedure.[8]

## III. Plaintiff's Motions

### A. Plaintiff's Motions to Add Wharton Business School and the New York Stock Exchange as Defendants (Docs. 2 and 3).

---

[4] D. Kan. Rule 7.4 provides in relevant part:

The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to file such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

[5] *Green v. Dean*, No. 03-3225-JWL, 2005 WL 1806427, at *1 n.2 (D. Kan. Aug. 1, 2005) (citing D. Kan. Rule 7.4 and finding it appropriate for the court to conduct an independent review of a motion despite there being no opposing response) ("While uncontested motions are ordinarily granted, they are not invariably granted.").

[6] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[8] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

The court construes these motions as motions to add additional parties Wharton Business School (and faculty) and the New York Stock Exchange to this litigation. Upon a review of Plaintiff's motions, the court finds them to be without merit on their face and are therefore denied. The court finds no substantial or logical relationship between the transactions or occurrences at issue in Plaintiff's complaint (Doc. 1) and those transactions or occurrences at issue in Plaintiff's motions to add Wharton Business School (and faculty) and the New York Stock Exchange as defendants (Docs. 2 and 3).[9] Further, the court finds no common questions of law or fact as to the parties named in this action and those sought to be added.[10] Therefore, Plaintiff's Motions (Docs. 2 and 3) will be denied.

**B.     Plaintiff's Motions for Order "for Federal Marshal to Seize all Personal Property of Mark A. Reinert, CFP, to Put Up for Sales" (Doc. 4)**

The court construes this motion as one directed at Mark Reinert, who is not a party to this litigation. Upon reviewing Plaintiff's Motion for Order (Doc. 4), the court finds it to be inappropriate, without merit on its face, and is therefore denied.

**C.     Plaintiff's Motion to Permanently Close University of Pennsylvania (Doc. 5).**

The court notes that the University of Pennsylvania is not a party to this action. As already discussed above, the court finds the University of Pennsylvania's joinder to this

---

[9]Fed. R. Civ. P. 20(a) ("All persons...may be joined in one action as defendants if there is any right to relief in respect of or arising out of the *same transaction, occurrenec, or series of transactions or occurrences* and *if any question* of law or fact common to all defendants will arise in the action.")(emphasis added).

[10]*Id.*

litigation is improper at this time. Therefore, the court finds Plaintiff's motion (Doc. 5) is inappropriate, is without merit on its face, and is therefore denied.[11]

### D. Plaintiff's Motions for the FBI to Investigate Foreign nationals (Doc. 9) and for the FBI to Investigate the Elliot School of Government and Business A[d]ministration at the George Washington University (Doc. 10).

The court has reviewed Plaintiff's Motions for the FBI to investigate "foreign nationals" (Doc. 9) and for the FBI to investigate the Elliot School of Government and Business Administration at George Washington University (Doc. 10). The court finds these motions to be inappropriate, without merit on their face, and are therefore denied.

### E. Plaintiff's Motion "to Terminate the Employment of Dr. Rod at Veteran's Administration in Topeka, Kansas" (Doc. 12).

Upon reviewing Plaintiff's motion, the court finds it to be inappropriate, without merit on its face, and is therefore denied.

### F. Plaintiff's Motion to Sentence Martin Zweig (Doc. 8); Plaintiff's Motion for "County Judge to Sentence Mexicans in Federal Penitentiary to No Less than Five Years" (Doc. 11); Plaintiff's Motions "for Fundings to Sentence Maurice D. Copp in Federal Penitentiary Indefinitely," (Doc. 13) and "to Sentence Maurice D. Copp in Federal Penitentiary Indefinitely" (Doc. 14).

Upon reviewing Plaintiff's motions, the court finds them to be inappropriate motions for a civil action, without merit on their face, and are therefore denied.

---

[11]*See* Fed. R. Civ. P. 65; *See also Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234 (10th Cir. 2001)(citing the requirements for an injunction).

### G.  Plaintiff's Motion for Three Judge Ruling (Doc. 15).

Specifically, Plaintiff requests a three-judge ruling on Plaintiff's Motions to Sentence Maurice D. Copp (Docs. 13 and 14) filed on December 19, 2005.  The court has already explained that Plaintiff's Motions to Sentence Maurice D. Copp are inappropriate motions for a civil matter.  Therefore, upon a review of Plaintiff's motion, the court finds it to be inappropriate, without merit on its face, and is therefore denied.

## IV.  Conclusion

Plaintiff cites little, if any, authority for his motions.  Additionally, the court finds that large portions of Plaintiff's motions are disjointed and confusing in their structure and in their reasoning, making it extremely difficult for the court to identify the precise relief Plaintiff seeks.  The court reminds Plaintiff that continued groundless and vexatious litigation will in some cases justify an order enjoining a litigant from filing any pro se claims without first seeking prior leave of the court.[12]   The court urges the Plaintiff to be mindful of these potential consequences as he proceeds with his case.

**IT IS THEREFORE ORDERED** that Plaintiff's motions to add Wharton Business School as defendant (Doc. 2); to add the New York Stock Exchange as defendant (Doc. 3); to order "Federal Marshal to Seize all Personal Property of Mark A. Reinert, CFP, to Put Up for Sales" (Doc. 4); to "close University of Pennsylvania" (Doc. 5); to "Sentence Martin Zweig" (Doc. 8); to "Order for the FBI to investigate foreign nationals" (Doc. 9); to

---

[12] *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); Defendants Department of Treasury and Department of Veterans Affairs have in fact moved for such an order (Doc. 18) that is currently pending before this court.

-6-

"Order...the FBI to investigate the Elliot School of Government and Business A[d]ministration at the George Washington University" (Doc. 10); to "Order ...County Judge to Sentence Mexicans in Federal Penitentiary to No Less Than Five Years" (Doc. 11); "to Terminate the Employment of Dr. Rod at Veteran Administration in Topeka, Kansas" (Doc. 12); for "Fundings to Sentence Maurice D. Copp in Federal Penitentiary Indefinitely" (Doc. 13); "to Sentence Maurice D. Copp in Federal Penitentiary Indefinitely" (Doc. 14); and "Motion for Three Judge Ruling" (Doc. 15) are hereby denied.

**IT IS SO ORDERED.**

Dated this 23rd day of December, 2005, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>

K. Gary Sebelius
U.S. Magistrate Judge