IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM T. LYTRAN,

                Plaintiff,

v.                                              Case No. 05-4124-JAR

DEPARTMENT OF TREASURY,
 et al.,

                Defendants.

_____

## ORDER DENYING PLAINTIFF'S MOTIONS

This matter comes before the court upon numerous pending motions filed by Plaintiff Williant Lytran.[1] Defendants United States Department of Treasury, United States of America, and United States Department of Veteran's Affairs filed responses[2] in opposition to three of Plaintiff's Motions (Docs. 27, 28, 33). Plaintiff Lytran filed one Reply (Doc. 34). Upon reviewing Plaintiff's and Defendants' filings, the court finds that further briefing is not necessary and is prepared to rule.

---

[1] Plaintiff's "Motion to permanently shut down Club Orleans" (Doc. 25); Plaintiff's "Motion to Name Capital City Bank....[as] Criminal Defendants" (Doc. 26); Plaintiff's "Motion to discharge all debts cause by frauds at the United States Department of Education (Doc. 27); Plaintiff's "Motion to show frauds committed by Darrel Dammann at Golden Corral" (Doc. 28); Plaintiff's "Motion to execute Maurice Copp by deadth (sic) sentence" (Doc. 33); Plaintiff's Second and Third Motions To Shut Down Golden Corral (Docs. 36 and 37); and Plaintiff's Supplement to Motion for Judgment (Doc. 38).

[2] *See* Defendants' Memorandum in Opposition ....re Motion for Order [and] Motion for Order (Doc. 32); *see also* Response by Defendants...re Motion for Order (Doc. 35).

1. **Plaintiff's "Motion to permanently shut down Club Orleans" (Doc. 25).**

The court reminds Plaintiff that Club Orleans is not a party to this action. Because Club Orleans is not a party to this lawsuit it is improper to file motions directed at this entity. Therefore, the court finds that Plaintiff's motion is inappropriate, is otherwise without merit on its face, and will therefore be denied.

2. **Plaintiff's "Motion to Name Capital City Bank....[as] Criminal Defendants" (Doc. 26).**

The court finds Plaintiff's motion to be an inappropriate motion for a civil action. Therefore, the court finds Plaintiff's motion is inappropriate, is without merit on its face, and will therefore be denied.

3. **Plaintiff's "Motion to discharge all debts cause by frauds at the United States Department of Education" (Doc. 27).**

The court notes that the Department of Education is not a party to this action. Upon reviewing Plaintiff's motion, the court finds that the relief sought is inappropriate, that the motion is otherwise without merit on its face, and will therefore be denied.

4. **Plaintiff's "Motion to show frauds committed by Darrel Dammann at Golden Corral" (Doc. 28).**

The court notes that Golden Corral and Darrel Dammann are not parties to this action. Therefore, the court finds Plaintiff's motion is inappropriate, without merit on its face, and will therefore be denied.

5. **Plaintiff's "Motion to execute Maurice Copp by deadth (sic) sentence" (Doc. 33).**

Maurice Copp is not a party to this action. Further, this is a civil action and not a criminal action. Therefore, any type of motion seeking a criminal sentence for a non-party to this case is wholly

improper and will accordingly be denied.

### 6.     Plaintiff's Second and Third Motions To Shut Down Golden Corral (Docs. 36 and 37).

Plaintiff has filed a second and third motion to permanently shut down Golden Corral Corporation. Golden Corral Corporation is not a party to this lawsuit. As such, the court finds that Plaintiff's two motions directed at this entity are improper and will accordingly be denied.

### 7.     Plaintiff's Supplement to Motion for Judgment (Doc. 38).

In this supplement, Plaintiff filed a duplicate copy of his Motion for Judgment by Default (Doc. 23). Additionally, Plaintiff filed several documents in his supplement that were not included in his original Motion for Judgment by Default. In its Report and Recommendations (Doc. 29), filed January 30, 2006, the court recommended denial of Plaintiff's Motion for Judgment by Default (Doc. 23).[3] Upon reviewing Plaintiff's latest supplement to that motion, the court finds that the relief sought still appears improper. Accordingly, the court hereby incorporates by reference its Report and Recommendations (Doc. 29) and recommends denial of Plaintiff's Motion for Judgment by Default (Doc. 23) along with its supplement (Doc. 38).

### 8.     The Court's Admonishment and Warning to Plaintiff William T. Lytran.

The court continues to be troubled by Mr. Lytran's repeated, lengthy, and voluminous filings. Despite the court's warnings, Mr. Lytran continues to file meritless motions seeking inappropriate and relief.

---

[3]Report and Recommendations (Doc. 29) at 5-6.

It troubles the court that Plaintiff continues to file motions directed at people and entities who are not parties to *this* lawsuit. The only parties that are named to this lawsuit are the United States Department of Treasury, The United States of America, and the United States Department of Veteran's Affairs. The Defendants in this case do not have legal control or liability over Wharton School of Business, Golden Corral Restaurant, Maurice Copp, Capital City Bank, Club Orleans, or any of the other entities and individuals against whom Plaintiff William T. Lytran continues to direct his motions. It is simply improper to continue to file such motions and the court shall accordingly deny such improper motions.

To put it another way, William T. Lytran, as a *pro se* litigant, is not excused from compliance with fundamental rules of procedure.[4] Fundamental rules of court procedure dictate that Mr. Lytran must direct his motions toward the named parties in this lawsuit. Should Mr. Lytran desire to file motions against people or entities who are not currently parties to this lawsuit, then Mr. Lytran must follow the steps laid out in the Federal Rules of Civil Procedure to properly join those parties to the litigation.[5]

Moreover, Plaintiff must also file his motions on reasonably sufficient grounds. As Plaintiff is currently proceeding *pro se*, the court is mindful that his motions should be liberally construed and held to a less stringent standard.[6] However, this merely means that the court is required to look beyond a

---

[4] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

[5] *See* 28 U.S.C. §§1331-1332; *See also* Fed. R. Civ. P. 20 (governing permissive joinder of parties).

[6] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

failure to cite proper legal authority, confusion of legal theories, and the quality of the written work itself. Despite granting liberal construction, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[7] Upon reviewing Mr. Lytran's voluminous filings, the court finds that his motions are generally difficult to read, fail to follow a logical pattern of thought, and are otherwise wholly without merit on their face. This is an additional problem that Mr. Lytran must address should he continue to seek relief from this court and have it granted to him.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to permanently shut down Club Orleans" (Doc. 25); Plaintiff's "Motion to Name Capital City Bank....[as] Criminal Defendants" (Doc. 26); Plaintiff's "Motion to discharge all debts cause by frauds at the United States Department of Education (Doc. 27); Plaintiff's "Motion to show frauds committed by Darrel Dammann at Golden Corral" (Doc. 28); Plaintiff's "Motion to execute Maurice Copp by deadth (sic) sentence" (Doc. 33); and Plaintiff's Second and Third Motions To Shut Down Golden Corral (Docs. 36 and 37) are hereby denied.

**IT IS SO ORDERED.**

Dated this 22nd day of February, 2006, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[7] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).