jar

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **WILLIAM T. LYTRAN**, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 05-4124-JAR |
| | ) | |
| **DEPARTMENT OF TREASURY**, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS

This comes before the Court on defendants' Motion to Dismiss (Doc. 30), which was filed on January 30, 2006.  Plaintiff's response was due on February 22, 2006.  Plaintiff has not filed a response.[1]  An unopposed motion is "considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[2]  Nevertheless, the Court has reviewed the record and finds that defendants' motion to dismiss should be granted for the reasons addressed below.

Plaintiff William T. Lytran, filed this lawsuit (Doc. 1) *pro se* on October 18, 2005,

---

[1]Notably, although plaintiff has not filed a response to this motion to dismiss, he has filed a number of other pleadings since January 30, 2006: (1) Motion to Execute Maurice D. Copp by deadth (sic) sentence (Doc. 33) filed on February 2, 2006; (2) Reply (Doc. 34) to Defendant's Response in Opposition to Motions by Plaintiff to discharge all debts caused by frauds (Docs. 27, 28) filed February 7, 2006; (3) Second Motion to Shut Down Golden Corral Corporation (Doc. 36) filed February 15, 2006; (4) Third Motion to Shut Down Golden Corral Corporation (Doc. 37) filed February 15, 2006; and (5) Supplement to Motion for Judgment (Doc. 38) filed February 15, 2006. These motions were all denied by Magistrate Judge Sebelius by Order dated February 22, 2006.  Plaintiff also filed a Motion for the United States Department of Education to Disclose the Name of . . . . (Doc. 40) on February 22, 2006.

[2]D. Kan. R. 7.4.

against the Department of the Treasury's Financial Management Service (FMS), and the

Veterans Administration (VA).  For the reasons discussed below, defendants VA and FMS are

dismissed under Fed. R. Civ. P. 12(b)(5) because plaintiff failed to properly serve them;

defendant VA is additionally dismissed under Fed. R. Civ. P. 12(b)(1) because the Court lacks

subject matter jurisdiction; and finally, plaintiff's Complaint fails to state a claim for relief

against defendant FMS under Fed. R. Civ. P. 12(b)(6).

### 1.  Motion to Dismiss for Insufficiency of Service of Process under Fed. R. Civ. P. 12(b)(5)

After plaintiff filed this action on October 18, 2005, he attempted service by serving the

Secretary of Treasury with summons by certified mail on November 2, 2005, and by serving the

Secretary of Veterans Affairs with summons by certified mail on October 31, 2005.  No other

return of summons are reflected on the docket sheet.

To properly serve process on an agency of the United States the plaintiff must deliver a

copy of the Summons and Complaint to the United States Attorney for the District of Kansas and

send a copy of the Summons and the Complaint by registered or certified mail to both the

Attorney General of the United States and the applicable officer or agency.[3]  Under Fed. R. Civ.

P. 4(m), if proper service of the Summons and Complaint is not made within 120 days after the

filing of the Complaint, the district court must nonetheless grant an "appropriate" extension of

time upon a showing by the plaintiff of "good cause for the failure." [4]

Plaintiff has failed to properly serve these defendants, and more than 120 days have

passed since plaintiff filed this action on October 18, 2005.  Plaintiff has not responded to the

---

[3]Fed. R. Civ. P. 4(i)(2)(A).

[4]*See* Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995).

motion to dismiss or otherwise shown good cause for his failure to effect proper service within 120 days.  If plaintiff fails to show good cause, the Court may either: (1) dismiss the action without prejudice, or (2) direct that service be effected within a specified time.[5]  Because plaintiff has failed to show good cause, has failed to respond to the motion to dismiss and has failed to show any effort or intent to effect proper service, this Court concludes that dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(5).

### 2.  Motion to Dismiss defendant VA for lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1)

Defendants argue that the Court lacks subject matter jurisdiction of defendant VA. Federal Rule of Civil Procedure 12(h)(3) directs that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[6]  A court lacking subject matter jurisdiction "must dismiss the case at any stage of the proceeding in which it becomes apparent that such jurisdiction is absent."[7]  Since federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction.[8]  When a defendant brings a motion to dismiss for lack of subject matter jurisdiction, the plaintiff carries the burden of proving jurisdiction.[9]

This action must be dismissed with prejudice, with respect to defendant VA, because the doctrine of sovereign immunity deprives this Court of subject matter jurisdiction.  It is

---

[5] *See Espinoza*, 52 F.3d at 840–41.

[6] Fed. R. Civ. P. 12(h)(3).

[7] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[8] *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

[9] *Mounkes v. Conklin*, 922 F. Supp. 1501, 1505 (D. Kan. 1996).

fundamental, under the doctrine of sovereign immunity, that the United States cannot be sued without its consent.[10]  Sovereign immunity protects the United States from liability and also deprives a court of subject-matter jurisdiction over claims against the United States.[11]  Any governmental waiver of sovereign immunity must be unequivocal, and such waivers are strictly construed.[12]

In this action, plaintiff sues the VA claiming that his veterans benefit payments were erroneously suspended, and/or paid in erroneous amounts.  He also claims that fraud was committed by: Frank J. Yeoman, Jr., who plaintiff describes as a "garbage judge;" Thomas L. Shadoin and Maurice D. Copp, who plaintiff describes as "a purported registered Kansas attorney, a person unrelated to Plaintiff, and not within Plaintiff's own families."  Defendant avers that in 2003 and 2005, the VA found plaintiff to be a 100% disabled veteran; and in 2003, the VA rated plaintiff as incompetent to handle his VA benefit payments.  Thereafter, VA staff attorney Maurice Copp prepared pleadings to appoint Tom Shadoin as Curator; Shadoin filed the pleadings; and on or about February 14, 2005, a judge of the District Court of Shawnee County, Kansas appointed Shadoin as Curator.  Plaintiff did not challenge the administrative determination of incompetency; nor did plaintiff challenge, object to or appeal the court appointment of a curator.  Plaintiff's claims against the VA, in essence, seek judicial review of the VA's determination concerning an individual benefit claim.[13]

---

[10]*United States v. Testan*, 424 U.S. 392 (1976); *United States v. Sherwood*, 312 U.S. 584 (1941).

[11]*Richards v. United States,* 176 F.3d 652, 654 (3d Cir. 1999).

[12] *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. King*, 395 U.S. 1, 4 (1969).

[13]To the extent plaintiff seeks review of the state court action where the curator was appointed, the suit is barred by the *Rooker-Feldman* doctrine.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).  The *Rooker-Feldman* doctrine bars "a party

Pursuant to 38 U.S.C. § 511(a), the Secretary of Veterans Affairs is responsible for deciding all questions concerning the provision of benefits to veterans, their dependents, or their survivors.[14]  An appeal from the Secretary's decision concerning benefits lies with the Board of Veterans' Appeals (the Board).[15]  The Board's decision may be appealed by the claimant to the United States Court of Appeals for Veterans Claims (CAVC), pursuant to 38 U.S.C. § 7252(a), and then, under certain circumstances, to the United States Court of Appeals for the Federal Circuit, pursuant to 38 U.S.C. §§ 7252(c), 7292.

Given the nature of plaintiff's claims in this action, the Court lacks subject matter jurisdiction.  The United States has not waived its sovereign immunity as to review of Department of Veterans Affairs decisions or procedures by any court other than the CAVC,[16] the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court.[17]  While the Administrative Procedure Act (APA) does provide a waiver of sovereign immunity,[18] this waiver is only applicable to final agency action for which there is no other adequate remedy in court.[19]  "Thus, the APA does not express the U.S. government's consent to suit [in district

---

losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States [trial] court."  *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

[14]*Weaver v. United States*, 98 F.3d 518, 519–20 (10th Cir. 1996).

[15]38 U.S.C. § 7104(a); 38 C.F.R. § 20.101(a).

[16]The Court formerly known as the United States Court of Veterans Appeals has been redesignated the United States Court of Appeals for Veterans Claims, effective March 1, 1999.  Veterans Programs Enhancement Act of 1998, Pub. L. No. 105-368, §§ 511(a) and 513, 112 Stat. 3315, 3341, 3342; *see also Weaver*, 98 F.3d at 520.

[17]*In re Russell*, 155 F.3d 1012, 1012–13 (8th Cir. 1998).

[18] 5 U.S.C. § 702.

[19]5 U.S.C. § 704; *Russell*, 155 F.3d at 1013.

court] if an alternate adequate remedy is available to review a final agency action."[20]  The multi-tiered system of judicial review (CAVC, Federal Circuit, Supreme Court) created by the Veterans' Judicial Review Act (VJRA)[21] provides such an adequate alternative remedy.[22]

Furthermore, the APA's waiver of sovereign immunity does not apply in cases in which statutes preclude judicial review.[23]  One such statute is the Tucker Act, which states, in pertinent part, that, "[t]he district courts shall not have jurisdiction under this section of any civil action or claim for a pension."[24]  Claims for VA death and disability compensation have long been considered claims for pension for purposes of this statute.[25]

Section 511(a) of Title 38, United States Code, also provides such a statutory preclusion.[26]  District court review of VA benefit determinations has long been precluded by 38 U.S.C. § 511 and its predecessors.[27]  Section 511, as amended by the VJRA and the Department

---

[20]*Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997).

[21]Pub. L. No. 100-687, Div. A, § 101, 102 Stat. 4105 (1988).

[22]*Beamon,* 125 F.3d at 967–70; *Moore v. Dep't of Veterans Affairs*, No. 02-3279-JTM, 2003 WL 22594364, at *1 (D. Kan. Nov. 4, 2003).

[23]5 U.S.C. § 701(a)(1).

[24]28 U.S.C. § 1346(d).

[25]*E.g.*, *Morgan v. United States*, 115 F.2d 426, 427 (5th Cir. 1940) (death compensation); *Smith v. United States*, 57 F.2d 998, 999 (4th Cir. 1932) (disability compensation); *Randolph v. United States*, 69 F. Supp. 156, 157 (S.D. Tex. 1946), *aff'd*, 158 F.2d 787 (5th Cir. 1946), *cert. denied*, 330 U.S. 839 (1947) (same).

[26]*Beamon*, 125 F.3d at 970.

[27]Former section 211(a) of title 38, United States Code, was recodified as section 511 by the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991).  Prior to its amendment in Pub. L. No. 100-687, the Supreme Court recognized Congress' twofold purpose in enacting what is now section 511. That purpose is, first, to ensure that veterans' benefit claims will not burden the courts and VA with expensive and time-consuming litigation, and second, to ensure that the technical and complex determinations and applications of VA policy regarding such claims will be adequately and uniformly made.  *Johnson v. Robison*, 415 U.S. 361, 369–73 (1974); *see also Weaver v. United States*, 98 F.3d 518 (10th Cir. 1996)(dismissing allegations of conspiracy, fraud and misrepresentation by VA officials involved in the claim adjudication process, and concluding that the

6

of Veterans Affairs Codification Act provides in pertinent part that:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.  Subject to subsection (b),[28] the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.[29]

Moreover, even if plaintiff's Complaint could be construed to raise constitutional challenges to statute(s) governing veteran's benefits, sovereign immunity has not been waived, as section 511 provides the exclusive vehicle to challenge veterans benefits.[30]  And under 38 U.S.C. §511(a), constitutional challenges to VA regulations and procedures must be filed with the CAVC under 38 U.S.C. § 7252 or, in the case of direct review of regulations pursuant to 38 U.S.C. § 502, with the United States Court of Appeals for the Federal Circuit.  "The plaintiff cannot avoid exclusive nature of VJRA jurisdiction merely by denominating his claim as constitutional in nature."[31]  Therefore, sovereign immunity is not waived under the APA with regard to the adjudication of veterans' benefit claims.

Furthermore, the fact that plaintiff named the VA as a defendant, rather than the United

---

claims were "in substance, nothing more than a challenge to the underlying benefits decision.").

[28] The exceptions specified at 38 U.S.C. § 511(b) are challenges to rulemaking under 38 U.S.C. § 502, certain insurance questions under 38 U.S.C. §§ 1975 and 1984, matters relating to housing and small business loans under 38 U.S.C. ch. 37, and review of Board of Veterans' Appeals decisions in the Court of Appeals for Veterans Claims under 38 U.S.C. ch. 72.  None of these exceptions applies in this case.

[29]Pub. L. No. 102 83, § 2(a), 105 Stat. 378, 388 (1991).

[30]After the passage of the VJRA, some courts have found jurisdiction to review a facial attack on the constitutionality of acts of Congress concerning veterans' benefit legislation.  *See  Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995), *cert. denied*, 516 U.S. 1111 (1996).  *But see Hall v. U.S. Dep't of Veterans' [sic] Affairs*, 85 F.3d 532, 534–35 (11th Cir. 1996) (affirming dismissal for lack of subject-matter jurisdiction of a challenge by an incarcerated veteran to the constitutionality of a VA regulation, 38 C.F.R. § 3.665, which requires reduction in disability compensation during periods of incarceration in excess of sixty days for felony convictions).

[31]*Moore v. Dep't of Veterans Affairs*, No. 02-3279-JTM, 2003 WL 22594364, at *1 (D. Kan. Nov. 4, 2003).

States, does not endow this Court with jurisdiction.  Sovereign immunity cannot be avoided by suing individual Federal departments, such as the VA.[32]  In fact, an agency of the Federal government may not be sued *eo nomine* unless Congress explicitly authorizes such suit, or does so implicitly because the agency is the offspring of an otherwise suable entity.[33]  In the case of the VA, Congress has not authorized an action *eo nomine*; thus, plaintiff's claims must be dismissed.[34]

### 3.  Motion to Dismiss defendant FMS for Failure to State a Claim for Relief under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint and should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[35] When deciding a motion to dismiss, the Court "must accept as true the plaintiff's well-pleaded factual allegations and all reasonable inferences must be indulged in favor of the plaintiff."[36] Furthermore, the Court must construe *pro se* pleadings liberally and apply a less stringent

---

[32]*See Stafford v. Briggs*, 444 U.S. 527, 542 n.10 (1980) ("[i]n deciding whether an action is in reality one against the Government, the identity of the named parties defendant is not controlling."); *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (stating sovereign immunity cannot be avoided by naming individual Government officials as defendants); *Shelton v. United States Customs Serv.*, 565 F.2d 1140, 1141 (9th Cir. 1977) (per curiam).

[33]*Blackmar v. Guerre*, 342 U.S. 512 (1952); *Skolnick v. Parsons*, 397 F.2d 523, 525 (7th Cir. 1968).

[34]*See ESP Fidelity Corp. v. Dep't of HUD*, 512 F.2d 887, 890 (9th Cir. 1975); *Evans v. United States Veterans Admin. Hosp.*, 391 F.2d 261, 262 (2d Cir. 1968) (per curiam), *cert. denied*, 393 U.S. 1040 (1969); *Osorio v. Veterans Admin.*, 514 F. Supp. 94, 96 (D.P.R. 1981), *aff'd*, 676 F.2d 681 (1st Cir. 1982); *Colo. v. Veterans Admin.*, 430 F. Supp. 551, 557–58 (D. Colo. 1977), *aff'd*, 602 F.2d 926 (10th Cir. 1979), *cert. denied*, 444 U.S. 1014 (1980).

[35]*Callery v. U.S. Life Ins. Co.*, 392 F.3d 401, 404 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Martinez v. Roth*, 53 F.3d 342, 342 (10th Cir. 1995), *cert. denied*, 516 U.S. 1012 (1995).

[36]*Martinez*, 53 F.3d at 342 (quoting *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987)).

standard than what is applicable to attorneys.[37]  However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[38]  The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[39]

The Court concludes that defendant FMS should be dismissed because the Complaint simply does not contain any allegations against FMS.  Rather, the Complaint makes allegations against several individuals and against the Department of Veterans Affairs or the VA.  In any event, even if the Complaint made allegations against FMS, there is no conceivable set of facts to which FMS could be found liable for any of the relief plaintiff requests.  FMS is a disbursing official for the executive branch and operates a centralized, federal debt collection program known as the Treasury Offset Program (TOP).  In this program, federal payments that agencies certify for disbursement are offset to collect delinquent non-tax debts owed to federal agencies and states pursuant to 31 U.S.C. § 3716 and other authorities.  Plaintiff does not allege that any payments due him were offset; but even if he did make such an allegation, FMS is not liable for a reduction in a debtor's Federal payment as a result of an interception to collect a delinquent debt.[40]

**Conclusion**

Defendants have filed an unopposed motion to dismiss.  The Court grants defendants'

---

[37]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[38]*Id.*

[39]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[40]*See* 31 U.S.C. § 3716(c)(2) ("Neither the disbursing official nor the payment certifying agency shall be liable – (A) for the amount of the administrative offset on the basis that the underlying obligation, represented by the payment before the administrative offset was taken, was not satisfied."). *See also* 31 C.F.R. § 285.5(e)(9).

motion on several grounds.  Defendant VA is dismissed for lack of subject matter jurisdiction and failure to effect proper service.  Defendant FMS is dismissed for failure to effect proper service and for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Dismiss (Doc. 30) is **granted**.  This action is **dismissed with prejudice.**

**IT IS FURTHER ORDERED BY THE COURT THAT** the following pending motions by plaintiff are **denied as moot**:

1.   Motion for Order to Dismiss all Claims on non United States Citizens and Foreign Nationals (Doc. 21);

2.   Motion for Order to Permanently Close Golden Corral Restaurant (Doc. 22);

3.   Motion for Judgment by Default (Doc. 23);

4.   Motion for the United States Department of Education to Disclose the Name of . . . . (Doc. 40); and

5.   Motion to Cut Off Social Security Benefits of Beth Barnett (Doc. 43).

**IT IS SO ORDERED.**

Dated this 28th  day of February, 2006.


  S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

10



Memorandum and Order Granting Motion to Dismiss, *Lytran v. Department of Treasury*, Case No. 05-4124-JAR.